UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MATTHEW CARCANO,

    Plaintiff,

v.

MESA & PEPIN P.A.,
MESA & ASSOCIATES, P.A.,
MANUEL MESA,

    Defendant.
_____/

## COMPAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Matthew Carcano, and demands judgment against the Defendants, MESA & PEPIN, P.A.; MESA & ASSOCIATES, P.A.; and MANUEL MESA for violation of the Fair Labor Standards Act and breach of contract, and states:

## IDENTITIES OF THE PARTIES

1. Matthew Carcano is a resident of Miami-Dade County Florida and is sui juris

2. MESA & PEPIN P.A. was a law firm based in Miami Dade County, FL representing clients in Florida and elsewhere in the United States, engaged in interstate commerce by using the national telephone and mail system to represent clients in jurisdictions outside of Florida and by physically traveling to states outside of Florida to appear in court and provide counseling to foreign clients.

3. MESA AND ASSOCAITES, P.A. is a law firm based in Miami Dade County, FL representing clients in Florida and elsewhere in the United States, engaged in interstate commerce by using the national telephone and mail system to represent

1

clients in jurisdictions outside of Florida and by physically traveling to states outside of Florida to appear in court and provide counseling to foreign clients.

4. MANUEL MESA is a former partner in MESA & PEPIN P.A. and a current partner at MESA AND ASSOCIATES P.A.

5. During CARCANO's employment with MESA & PEPIN and MESA AND ASSOCIATES, MANUEL MESA was Plaintiff's direct supervisor.

## JURISDICTION AND VENUE

6. This is an action for damages as a result of the Defendants' failure to pay wages, brought pursuant to the Fair Labor Standards Act, this Court has jurisdiction because the matter presents a federal question under 28 U.S.C. §1331.

7. Venue is proper in the Southern District of Florida because the facts that give rise to this cause of action occurred in this district.

## GENERAL ALLEGATIONS

8. From January 2017 through December 2019, Plaintiff was an employee of the Defendants as defined in the FLSA 29 U.S.C. §203(d) and (e).

9. From January 2017 through December 2019 the Defendants MESA & PEPIN and MESA AND ASSOCIATES operated an integrated enterprise, sharing office space, sharing personnel, sharing expenses, and working jointly on legal representation of clients both inside and outside of Florida.

10. Defendants engaged in interstate commerce and had gross revenue in excess of $500,000.00 for the relevant time period.

11. At the time Plaintiff began his employment, Plaintiff and Defendants agreed that Plaintiff would receive a yearly salary and commissions.

12. Plaintiff and Defendants agreed Plaintiff would receive a commission of 30% of the amount of attorney's fees earned on all clients that Plaintiff brought to the firms MESA & ASSOCIATES and MESA & PEPIN.

13. In April 2018, Plaintiff and Defendants agreed Plaintiff would receive a salary of $72,000 paid as follows- $62,000.00 paid $2,583.00 twice per month and $2,500,00 paid quarterly in the months of January, April, July, and October.

14. In August 2019 Plaintiff and Defendants agreed Plaintiff would receive a raise to $82,000.00 in yearly salary paid $3,416.66 twice per month with no quarterly payments.

15. From August 2019 through December 2019, Defendants did not properly classify Plaintiff as an employee and failed to withhold taxes from his pay checks.

16. Defendants failed to pay Plaintiff on the following pay periods: 2nd period in December, 2018; 2nd period in January 2019; 2nd period in February 2019; 1st period March 2019; 2nd period May 2019; 1st period October 2019.

17. Additionally, on the following pay periods Defendants paid below the agreed upon amounts: 1st period in January 2019 Defendant paid $583.00 less than the agreed upon amount; January 2019 Defendants failed to pay the $2,500 quarterly payment; and 2nd period in November 2019 Defendants paid $544.66 below the agreed upon amount.

18. On the following pay period, Defendants paid in excess of the amounts they agreed to pay: 1st period in February 2019 Defendants paid an additional $1,417.00; 2nd period March 2019 Defendants paid an additional $1,018.00; 1st pay period in

December 2019 Defendants paid an additional $1,583.34; and 2nd pay period in December Defendants paid an additional $1,583.34.

19. Defendants failed to pay Plaintiff for six pay periods in 2018 and 2019, causing Plaintiff's wages to fall below the statutory minimum wage of $7.25 per hour for those pay periods.

20. Defendants also failed to pay commission as agreed.

## COUNT I- VIOLATION OF 28 U.S.C. 206
## Plaintiff re-alleges paragraphs 1-20 and further alleges:

21. Between December 2018 and December 2019, Defendants completely failed to pay the Plaintiff on six pay periods: 2nd period in December, 2018; 2nd period in January 2019; 2nd period in February 2019; 1st period March 2019; 2nd period May 2019; 1st period October 2019.

22. Defendant's complete failure to pay caused the Plaintiff's wages to fall below the federal minimum wage for these pay periods.

23. Defendant's failure to pay was wilful because Defendant knew Plaintiff performed work for the Defendants in this pay period, accepted the benefit of Plaintiff's work, and still completely failed to pay the wages they owed.

24. Defendants failure to pay wages is a violation of 28 U.S.C. §206.

25. As a direct and proximate result of Defendants' failure to pay wages Plaintiff suffered damages of back pay, prejudgment interest, liquidated damages, attorney's fees, and other penalties applicable in this instance.

26. As a result of Defendant's conduct, Plaintiff has retained the services of undersigned counsel, incurring attorney's fees and costs to prosecute this matter. These amounts are recoverable under 28 U.S.C. §216.

WHEREFORE, Plaintiff, MATHEW CARCANO, demands judgment against the Defendants, MESA & PEPIN, P.A.; MESA & ASSOCIATES, P.A.; and MANUEL MESA, jointly and severally, for all amounts owed, prejudgment interest, attorney's fees, costs, and any other relief this Court deems just and proper. Plaintiff demands trial by jury of all issues so triable.

### COUNT II- Breach of Contract
### Plaintiff re-alleges paragraphs 1-20 and further alleges:

27. Defendants agreed to pay the Plaintiff salary and commission in exchange for the benefit of Plaintiff's labour for the period of December 2018 through December 2019.

28. From January 2017 through December 2019 Defendant agreed to hire Plaintiff as an employee, under the direct control of Defendant MANNUEL MESA.

29. Defendants accepted Plaintiff's work from December 2018 through December 2019.

30. Additionally, from August 2019 through December 2019, Defendants' knowingly misclassified Plaintiff as an independent contractor to tax authorities.

31. Defendants failed to pay approximately $11,858.65 in salary owed to CARCANO pursuant to their agreement.

32. Defendants failed to pay approximately $10,876.33 in commissions owed to CARCANO pursuant to their agreement.

33. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages in the form of loss of past wages, loss of past commissions, incorrect tax assessment, tax penalties, additional costs of preparing taxes, economic loss of money used to pay additional taxes, attorneys' fees, and costs.

34. As a result of Defendants' conduct, Plaintiff has retained the services of undersigned counsel, incurring attorney's fees and costs to prosecute this matter.

WHEREFORE, Plaintiff, MATHEW CARCANO, demands judgment against the Defendants, MESA & PEPIN, P.A.; MESA & ASSOCIATES, P.A.; and MANUEL MESA, jointly and severally, for all amounts owed, prejudgment interest, attorney's fees, costs, and any other relief this Court deems just and proper.  Plaintiff demands trial by jury of all issues so triable.

Dated this 8th day of October, 2020

ROBERTS, P.A.
Attorneys for Plaintiff
Offices at Grand Bay Plaza
2665 South Bayshore Drive, Suite 300
Coconut Grove, Florida 33133
Telephone:  305-442-1700
Fax:  305-442-2559
E-mail:  roberts@robertspa.com

By: /s/:  Javier A. Basnuevo
    JAVIER A. BASNUEVO, ESQ.
    Fla. Bar No.: 100509